UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS REYES,

    Plaintiff,

v.

BARNETT OUTDOORS, LLC and
PLANO SYNERGY HOLDING, INC.,

    Defendants.

Case No.: _____

## COMPLAINT

**COMES NOW** Plaintiff, Luis Reyes, to sue Defendants, Barnett Outdoors, LLC and Plano Synergy Holding, Inc. In support thereof, Plaintiff states:

### SUMMARY OF THE ACTION

1. Plaintiff brings this civil action to recover for the severe and permanent injuries he suffered when a defective and unreasonably dangerous crossbow (the "subject crossbow") malfunctioned and fired while he was holding it, amputating the middle finger on his right hand. Plaintiff sues Defendants for their respective roles in designing, manufacturing, distributing, and selling the subject crossbow and otherwise causing his injuries at issue in this case.

### THE PARTIES, JURISDICTION & VENUE

2. At all times material hereto, Plaintiff, Luis Reyes ("Reyes"), is a Florida citizen, resident, and domiciliary who lives in Pinellas County, Florida.

3. At all times material hereto, Defendant, Barnett Outdoors, LLC ("Barnett"), is a Florida limited liability company. Barnett's membership consists of three individuals: Gary

Wolz, Mark Tripp, and Josephine Benkers, all three of whom are Illinois citizens, residents, and domiciliaries.

4. Barnett may be served with process by serving its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5. At all times material hereto, Defendant, Plano Synergy Holding, Inc. ("Plano Synergy"), is a Delaware corporation with its principal place of business located in Illinois.

6. Plano Synergy may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Reyes is a citizen of a state of which no Defendant is a citizen and the amount in controversy exceeds $75,000.

8. This Court is authorized to exercise personal jurisdiction over each Defendant pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of each Defendant:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b. Committing a tortious act within Florida; or

    c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) each Defendant was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by each Defendant anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

9. This Court is authorized to exercise personal jurisdiction over each Defendant pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because each Defendant is engaged in substantial and not isolated activity within Florida.

10. This Court is authorized to exercise personal jurisdiction over each Defendant because each Defendant may fairly be regarded as at home in Florida.

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims stated herein occurred within the Middle District of Florida.

## CONDITIONS PRECEDENT

12. All conditions precedent have been satisfied or excused.

## FACTS

13. Barnett is in the business of and derives substantial profit from designing, manufacturing, importing, assembling, distributing, supplying, and selling a wide range of hunting equipment, including crossbows.

14. Plano Synergy is in the business of and derives substantial profit from designing, manufacturing, importing, assembling, distributing, supplying, and selling a wide range of hunting equipment, including crossbows.

15. Barnett is a wholly-owned subsidiary of Plano Synergy.

16. In February 2017, Reyes purchased the subject crossbow from Barnett's retail store located in Tarpon Springs, Florida.

17. On October 20, 2018, Reyes was using the subject crossbow during a hunting trip.

18. During this hunting trip, Reyes was sitting in a hunting stand with the subject crossbow unloaded and with the safety engaged.

19. Suddenly and without any warning or user input, the subject crossbow malfunctioned and fired.

20. As the subject crossbow fired, the subject crossbow lacerated the fingers on Reyes' right hand, ultimately leading to the amputation of Reyes' right middle finger.

21. The subject crossbow is defective in its design, manufacture, and/or warning.

22. The subject crossbow's defective condition rendered the subject crossbow unreasonably dangerous beyond the contemplation and expectation of ordinary consumers and users, including Reyes.

23. The risk of danger associated with designing, manufacturing, assembling, supplying, distributing, and selling the subject crossbow as it was outweigh any real or perceived benefits. At the time the subject crossbow was designed, manufactured, assembled, supplied, distributed, and sold, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

24. The subject crossbow's defective condition actually and proximately caused injury and damage to Reyes.

## COUNT I—STRICT LIABILITY
### (Against Barnett)

25. Reyes re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

26. Barnett is responsible for designing, manufacturing, importing, assembling, distributing, supplying, and selling the subject crossbow and otherwise placing the subject crossbow into the stream of commerce.

27. The subject crossbow is defective in its design, manufacture, and/or warning.

28. The subject crossbow's defective condition rendered the subject crossbow unreasonably dangerous for its intended or foreseeable use.

29. The subject crossbow's defective condition actually and proximately caused injury and damage to Reyes.

**WHEREFORE**, Plaintiff, Luis Reyes, demands judgment against Defendant, Barnett Outdoors, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
### (Against Barnett)

30. Reyes re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

31. Barnett is responsible for designing, manufacturing, importing, assembling, distributing, supplying, and selling the subject crossbow and otherwise placing the subject crossbow into the stream of commerce.

32. Barnett owed a duty to properly design, manufacture, import, assemble, distribute, supply, and sell the subject crossbow in a safe condition and without defect.

33. Barnett owed a duty to adequately test, inspect, and assure the quality of the subject crossbow before placing the subject crossbow into the stream of commerce.

34. Barnett owed a duty to provide adequate warnings, instructions, education, training, and information with the subject crossbow.

35. Barnett breached the above duties.

36. Barnett's breach of the above duties actually and proximately caused injury and damage to Reyes.

**WHEREFORE**, Plaintiff, Luis Reyes, demands judgment against Defendant, Barnett Outdoors, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Barnett)

37. Reyes re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

38. Barnett is responsible for designing, manufacturing, importing, assembling, distributing, supplying, and selling the subject crossbow and otherwise placing the subject crossbow into the stream of commerce.

39. Barnett is a merchant with respect to the subject crossbow.

40. By selling the subject crossbow and placing the subject crossbow into the stream of commerce, Barnett impliedly warranted that the subject crossbow was of merchantable quality.

41. The subject crossbow was not of merchantable quality for at least the following reasons:

    a. The subject crossbow is defective in its design, manufacture, and/or warning;

    b. The subject crossbow would not pass without objection in the trade under the contract description;

    c.  The subject crossbow is not of fair average quality;

    d.  The subject crossbow is not fit for the ordinary purposes for which such a good is used;

    e.  The subject crossbow does not run within the variations permitted of even kind, quality, or quantity;

    f.  The subject crossbow was not adequately contained, packaged, or labeled; and

    g.  The subject crossbow does not conform to the promises or affirmations of fact made by Barnett.

42.    The subject crossbow's defective condition does not conform to the merchantable condition impliedly represented by Barnett at the time Reyes purchased the subject crossbow at Barnett's retail store in Tarpon Springs, Florida.

43.    As a result, Barnett breached the implied warranty of merchantability.

44.    Barnett's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Reyes.

**WHEREFORE**, Plaintiff, Luis Reyes, demands judgment against Defendant, Barnett Outdoors, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—STRICT LIABILITY
### (Against Plano Synergy)

45.    Reyes re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

46. Plano Synergy is responsible for designing, manufacturing, importing, assembling, distributing, supplying, and selling the subject crossbow and otherwise placing the subject crossbow into the stream of commerce.

47. The subject crossbow is defective in its design, manufacture, and/or warning.

48. The subject crossbow's defective condition rendered the subject crossbow unreasonably dangerous for its intended or foreseeable use.

49. The subject crossbow's defective condition actually and proximately caused injury and damage to Reyes.

**WHEREFORE**, Plaintiff, Luis Reyes, demands judgment against Defendant, Plano Synergy Holding, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT V—NEGLIGENCE
### (Against Plano Synergy)

50. Reyes re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

51. Plano Synergy is responsible for designing, manufacturing, importing, assembling, distributing, supplying, and selling the subject crossbow and otherwise placing the subject crossbow into the stream of commerce.

52. Plano Synergy owed a duty to properly design, manufacture, import, assemble, distribute, supply, and sell the subject crossbow in a safe condition and without defect.

53. Plano Synergy owed a duty to adequately test, inspect, and assure the quality of the subject crossbow before placing the subject crossbow into the stream of commerce.

54. Plano Synergy owed a duty to provide adequate warnings, instructions, education, training, and information with the subject crossbow.

55. Plano Synergy breached the above duties.

56. Plano Synergy's breach of the above duties actually and proximately caused injury and damage to Reyes.

**WHEREFORE**, Plaintiff, Luis Reyes, demands judgment against Defendant, Plano Synergy Holding, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, Luis Reyes, hereby demands a trial by jury on all issues so triable.

Dated: April 1, 2020

/s/ *Steven E. Nauman*
**ANDREW PARKER FELIX, ESQ.**
Florida Bar No.: 0685607
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1500
Orlando, FL 32801
Telephone: (407) 244-3962
Email: afelix@forthepeople.com
Email: snauman@forthepeople.com
Secondary Email: mhoilett@forthepeople.com
*Counsel for Plaintiff*